## William C. Ball and another *v.* Daniel A. Larkin and another.

The redelivery and surrender, by the assignee to the assignor, of the written assignment of a claim, and its acceptance by the latter with the mutual understanding that the assignment is thenceforth to be void, operates as an equitable reässignment of the claim to the original owner, and divests the assignee of his title.

A demand from one of two persons, in the joint possession of personal property owned by a third person, is sufficient to sustain an action in the nature of trover against both.

A judgment against the plaintiff, in an action for the price or value of personal property delivered upon an alleged contract of sale, is no bar to an action by the same plaintiff against the same defendant, for damages for the wrongful detention of the property, proceeding upon the ground that, there having been no valid sale, the plaintiff is entitled to its possession.

It appeared from the imperfect testimony spread upon the record in this case, that the plaintiffs manufactured and delivered to the defendants a large number of drawers, which were fitted into an iron safe; that the plaintiffs afterwards executed to one Terhune an instrument in writing, whereby they assigned to him a claim, of which they regarded themselves possessed, for the price or the value of the drawers, alleging that they had sold the same to the defendants; that Terhune then sued the defendants for such price or value, in an action, upon contract, wherein the defendants obtained a judgment in their favor; that without executing any formal reässignment of the alleged claim, which had been defeated in the action above mentioned, Terhune handed to the plaintiffs the instrument of transfer which he had received from them, and they accepted it with a mutual understanding that his title to and

interest in the claim or property should thenceforth cease; that the plaintiffs thereupon, through Terhune, as their agent for the purpose, demanded the drawers from one of the defendants, who were copartners, and then instituted this action against them, claiming damages for the wrongful detention of the property in question. The defendants answered, pleading the general issue and a former adjudication.

The Third District Court gave judgment for the plaintiffs, assessing the damages at the value of the property as found by the justice upon the proofs, which, upon the question of value, were contradictory.

*Benjamin M. Stilwell* and *S. E. Swain*, for the defendants.

*John B. Stevens*, for the plaintiffs.

BY THE COURT. DALY, J.—In what way the assignment was made by the plaintiffs to Terhune does not appear from the case, other than by the remark of Terhune that he assigned what was transferred to him back again to the plaintiffs, by handing the bill back to them. All that I can say upon so imperfect a statement as this, is, that a delivery back to the plaintiffs of the instrument or paper, by which the claim was or was intended to be transferred to Terhune, and the acceptance of it by them with an understanding mutually assented to, that the former transfer was to be void and of no effect, would be good, as an equitable reässignment of any interest which may have vested in Terhune (2 Story, Eq. Jur. § 1047), and such would seem to have been the case here; but, if it was not, and, as would seem from the result of Terhune's suit, no valid contract, binding Larkin and Ross to pay the price agreed upon or the value, existed; then the title to the drawers had never passed from the plaintiffs; nothing had been transferred to Terhune, and the plaintiffs were entitled at any time to repossess themselves of the property.

I think that, in any aspect of the case, the justice was authorized in presuming from the evidence that a proper demand had

been made of the defendant Ross, and that the possession being joint, his refusal was sufficient to warrant the action against both.

I presume that the difficulty, or rather the necessity, for the action has arisen from a misconception of the law on the part of the justice, in giving judgment in the suit brought by Terhune. That judgment, as it stands, is a judicial determination to the effect that no contract existed binding upon Ross and Larkin; whereas, having failed, after a reasonable time for inspection, to return the drawers, or to give the plaintiffs notice to take them back, they became liable for the real value, whatever it might be, and judgment should have been given against them for the value. That judgment is no bar to the present action, which is in the nature of the former action of trover, and is brought to recover the value of the property on account of its unlawful detention, and not to enforce a contract of sale.

There was conflicting testimony as to the value of the drawers, and, in such cases, we rarely interfere with the finding of the justice. The judgment should be affirmed.

Judgment affirmed.